W. 701; Thompson v. State, 153 Tex.Cr. R. 500, 221 S.W.2d 607.

■ There is no evidence that appellant cannot make the bond fixed, nor has any attempt been made by her to do so. The question of excessive bail is therefore not before us. Ex parte Marks, 142 Tex.Cr.R. 489, 154 S.W.2d 851; Ex parte Crenshaw, 150 Tex.Cr.R. 302, 200 S.W.2d 826.

The judgment is affirmed.

Opinion approved by the Court.

The statement of facts in this case was filed in the trial court long after the expiration of the ninety-day period allowed by Art. 759a, Sec. 4, Vernon's Ann.C.C.P.

The statement of facts, having been filed too late, cannot be considered.

No bills of exception appear.

The judgment is affirmed.

Opinion approved by the court.

## WHITE v. STATE.
### No. 26174.

Court of Criminal Appeals of Texas.
Jan. 21, 1953.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

This is a conviction for the offense of burglary, with punishment enhanced to life imprisonment in the state penitentiary by reason of two prior convictions for offenses of like nature.

## FLOURNOY v. STATE.
### No. 26192.

Court of Criminal Appeals of Texas.
Jan. 21, 1953.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Judge.

Upon his plea of guilty, appellant was convicted of the offense of driving a motor vehicle while intoxicated. The punishment was assessed at a fine of $100.

The record before us contains no statement of facts or bills of exception. All proceedings appear regular.

The judgment is affirmed.