John HENLEY

v.

H. E. MOORE, Warden, The Texas State Penitentiary, Huntsville, Texas.

No. 15236.

United States Court of Appeals, Fifth Circuit.

Jan. 18, 1955.

---

1. A memorandum opinion written by the trial court is reported at 117 F.Supp. 517.

John Henley, in pro. per.

Willis E. Gresham, Asst. Atty. Gen., for appellee.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and DAWKINS, District Judge.

PER CURIAM.

The District Court declined either to award the writ of habeas corpus or to enter a show cause order, and the Judge refused to issue the certificate of probable cause under 28 U.S.C.A. § 2253. For the reasons hereinafter stated, the Judges of this Court issue such a certificate of probable cause, and the Court proceeds to consider the appeal.

Petitioner was convicted of robbery in Criminal District Court No. 2, Harris County, Texas, and his punishment fixed at confinement in the penitentiary for a period of fifty years. The judgment of conviction was affirmed by the Court of Criminal Appeals of Texas on March 18, 1931. Henly v. State, 117 Tex.Cr.R. 228, 36 S.W.2d 1018. Petitioner alleges that on January 24, 1954, the Court of Criminal Appeals of Texas denied without hearing or opinion his petition for habeas corpus, and that on April 26, 1954 the United States Supreme Court denied certiorari. See Henley v. Moore, 347 U. S. 956, 74 S.Ct. 682, 98 L.Ed. 1101. The other substantial averments of the petition in the federal district court are summarized in the margin.[1]

In declining to grant the writ of habeas corpus or enter an order to show cause, the District Court cited our opinion in Massey v. Moore, 5 Cir., 205 F.2d 665. That decision was reversed by the Supreme Court of the United States on December 6, 1954, Massey v. Moore, 75 S.Ct. 145. Under the opinion of the Supreme Court in that case, we are satisfied that in the present case, in some way, by the granting of the writ, the issuance of a show cause order, or otherwise, the petitioner should have the opportunity of developing a record upon which his rights may be intelligently and certainly determined and reviewed. Cf. Baker v. Ellis, 5 Cir., 194 F.2d 865, 866. The judgment is therefore

Reversed.

---

1. Petitioner when 19 years of age, along with two companions, went to the home of a bootlegger in Houston, Texas to buy whiskey. While there, they got into an argument with the bootlegger and disarmed him to keep from being injured. They left his shotgun a short distance from his home. All three were indicted for robbing the bootlegger of said shotgun.

When petitioner's case was called for trial, his attorney, S. F. Hill, was not present in court. Petitioner's bondsman, Larry Smith, advised the court of his attorney's absence. The court refused either to delay the trial or to appoint other counsel to defend him, despite petitioner's plea that he was only 19 years of age, had very little schooling, and did not know how to defend himself. The State failed to show any intent to commit robbery, or to permanently appropriate the shotgun to petitioner's use. Nevertheless, due to petitioner's inability to defend himself and to an inflamed public mind, petitioner was convicted and sentenced to 50 years imprisonment. His attorney, S. F. Hill, arrived 30 minutes after the trial was over. One of the grounds for his motion for new trial was that he was denied the assistance of counsel. That motion was overruled. On appeal the judgment was affirmed. On evidence, the same as that against petitioner, his two co-defendants, represented by counsel, and tried after the "public inflamed mind" had a chance to cool, were found not guilty.