**Tommy N. GREER, Appellant,**

v.

**O. B. ELLIS, Director, Texas Department of Corrections, Appellee.**

**No. 19444.**

United States Court of Appeals
Fifth Circuit.

July 25, 1962.

Tommy N. Greer, Huntsville, Tex., Milas C. Bradford, Jr., Houston, Tex., for appellant.

Norman V. Suarez, Asst. Atty. Gen., State of Texas, Austin, Tex., Will Wilson, Atty. Gen., of Texas, Sam R. Wilson, Charles R. Lind, Asst. Attys. Gen., Austin, Tex., for appellee.

Before CAMERON, WISDOM and GEWIN, Circuit Judges.

GEWIN, Circuit Judge.

The appellant, Tommy N. Greer, was convicted of the offense of burglary in the Criminal District Court of Harris County, Texas, in 1956. He appealed his conviction to the Court of Criminal Appeals of Texas, the highest court in Texas having criminal jurisdiction, and his conviction was affirmed. On October 16, 1957, that court in a written opinion overruled Greer's Motion for Rehearing. On June 21, 1960, the Texas Court of Criminal Appeals denied Greer's Application for the Writ of Habeas Corpus. The order denying the application is reported in Greer v. State, 165 Tex.Cr.R. 300, 306 S.W.2d 371. Pursuant to the requirements of the cases, the appellant exhausted his remedies in the State Courts and then filed a petition for a writ of Certiorari in the United States Supreme Court, which was denied by that court on February 27, 1961.[1]

Having exhausted his state remedies[2], Greer petitioned the United States District Court, Southern District of Texas, Houston, Texas, for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241 et seq. The sworn petition alleged that his involuntary confession was admitted in evidence at his trial in contravention of the Fourteenth Amendment.

To support his contention that the confession was involuntary, the petitioner alleged that while conducting his private affairs, and without violating a law of any kind, he was arrested by Houston Policemen and instead of being taken to jail he was taken to a place referred to as "Ranger Headquarters", which was located outside the jurisdiction of the Houston Police Department. Having been taken into custody at 7:30 P.M., he was questioned in relays until about 5:00 A.M. the next morning. At this time he was moved to another interrogation station, in another county, where the interrogation continued until 1:00 P.M. that afternoon, at which time he claims the purported confession was signed by him. During this time (seventeen hours), petitioner alleges that he was denied food, water and sleep, and was beaten several times with a "slapjack". He also asserts that he was held virtually incommunicado for an extended period of time during which he was denied the right to speak with relatives or an attorney. He was held in jail three months before he ever saw a magistrate. So swears the appellant, Tommy N. Greer.

The District Court, in reviewing this petition, summarily denied the writ without issuing a show cause order or requiring an answer by the State and without incorporating into the record any part of the State Court proceedings, although the order made some reference thereto.[3] Believing Greer's case to be sufficiently meritorious to warrant review, this Court granted his motion for leave to appeal in

1. Greer v. Texas, 365 U.S. 827, 81 S.Ct. 714, 5 L.Ed.2d 706.

2. 28 U.S.C.A. § 2254.

3. "Upon such allegations this court in its discretion may either accept the findings of fact by the state court or take additional testimony. Unless a fatal flaw is discerned in state fact-finding processes, this court will take the facts as found in the state proceedings. * * *"

"No obvious error being apparent in the fact-finding mechanisms of the state courts here, I accept the state rejection of the coercion charges of beating, etc. It follows that petitioner is not held in violation of the Constitution or laws of the United States. * * *"

forma pauperis and for a certificate of probable cause.

It is contended by the appellant in this case, that the trial judge committed error in summarily denying the relief sought without a hearing or a show cause order as required by 28 U.S.C.A. § 2243, which provides in petinent part:

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

The appellant further asserts that the District Court denied his petition on the sole ground that he had been convicted in the State Court, and his application for habeas corpus denied by the State Court; and that the record does not indicate any other consideration by the trial court. This brings us to the important question of the relationship between state and federal courts in habeas corpus hearings in which constitutional issues are involved. Of course, this is not a novel question.

█ It is unquestionably the law that it is not necessary to hold an independent hearing in every case, and that the District Court may sometimes defer to a state court's determination of certain conflicting historical facts. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). This, however, does not relieve the federal court from making an independent evaluation of these historic facts to determine the constitutional consequences thereof. As stated by the court in Hobbs v. Pepersack, (4 Cir., 1962) 301 F.2d 875:

"Likewise, it did not lie within the District Court's discretion to refuse to consider Hobbs' contentions on the basis of the prior state adjudications. While it is true that district courts may sometimes defer to a state court's resolution of the conflicting historical facts, they may not avoid the duty of making an independent evaluation of the historic facts according to the appropriate constitutional standard, out of deference to the state court's legal determination."

The Brown case, relied upon by the appellee, held that if the State Court record discloses that the petitioner has been given a full and fair consideration of the facts, the Federal court need not have a rehearing on these same facts. However in Brown v. Allen, supra, at page 507, 73 S.Ct. at page 446, the Court said:

"Where the ascertainment of the historical facts does not dispose of the claim but calls for interpretation of the legal significance of such facts * * *, the District Judge must exercise his own judgment on this blend of facts and their legal values. Thus, so-called mixed questions of the application of constitutional principles to the facts as found leave the duty of adjudication with the federal judge.

"For instance, the question whether established primary facts underlying a confession prove that the confession was *coerced* or *voluntary* cannot rest on the State decision."

In Holly v. Smyth (4 Cir. 1960), 280 F.2d 536, in disposing of the argument that the federal court may use the State Court's findings as a discretionary ground for denying petitioner a hearing the Court succinctly pointed out:

"If the rule were read as broadly as the State suggests, it would mean that a federal court would practically never consider habeas corpus petitions from state prisoners, because, under the doctrine of exhaustion of state remedies, a state court ruling is normally insisted upon by the federal courts before it will exercise its jurisdiction."

█ It is our opinion that federal courts cannot serve merely as rubber stamps to approve the determination of state courts as to factual matters related

**590**

to fundamental constitutional questions. The record in this case is deficient in that we are not told what evidence was considered, what findings were made, nor were the pertinent State Court findings and proceedings incorporated in the record. Whatever may be the truth, the petition shows on its face a shocking abuse of due process. In our opinion the trial court should permit the development of a record upon which the truth of the allegations of the petition may be carefully and intelligently determined and reviewed. The trial court may proceed in such manner as may be deemed appropriate, by granting the writ, the issuance of a show cause order, or the receipt of evidence on behalf of either or both parties. Henley v. Moore, (5 Cir.1955), 218 F.2d 589; Luton v. The State of Texas and H. E. Moore, Warden, (5 Cir. 1962), 303 F.2d 899; Wiggins v. Ragen (7 Cir.1956), 238 F.2d 309.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.