**Ernest Leroy WHITE, Petitioner,**

v.

**George J. BETO, Director, Texas Department of Corrections, Huntsville, Texas, Respondent.**

**Civ. A. No. 14399.**

United States District Court
S. D. Texas,
Houston Division.

Jan. 18, 1963.

Ernest Leroy White, pro se.

Joe G. Davis, Asst. Atty. Gen., of Texas, Huntsville, Tex., for respondent.

NOEL, District Judge.

The petitioner, Ernest Leroy White, was convicted in Criminal District Court No. 2 of Dallas County, Texas, of the offense of burglary, a felony less than capital, on May 28, 1952. A life sentence was imposed on July 3, 1952, in accordance with the applicable Texas statute, Vernon's Ann. P.C. Art. 63, which requires that one three times convicted of a felony less than capital be imprisoned for life in the penitentiary. See Judge Sheehy's excellent analysis of Art. 63 in Puckett v. Ellis, 157 F.Supp. 923 (E.D. Tex., 1958).

The petitioner appealed his conviction to the Court of Criminal Appeals of Texas and such conviction was affirmed by that court January 21, 1953 in a written opinion, White v. State, 254 S.W.2d 129 (Tex.Cr.App., 1953).

According to the pleadings filed by the petitioner, he has sought relief by appli-

cation for the Writ of Habeas Corpus from the Court of Criminal Appeals of Texas on three different occasions.

This Court reconstructs from the record the petitioner's applications for the Writ of Habeas Corpus to be as follows:

| | |
|---|---|
| April 13, 1959 | Original application filed. |
| May 8, 1959 | Denied by Court of Criminal Appeals by written opinion—Davidson, J. |
| November 21, 1960 | Second application filed. |
| January 24, 1961 | Denied by written opinion—Morrison, J. |
| February 7, 1961 | Motion for Rehearing filed. |
| February 10, 1961 | Denied without written opinion. |
| October 16, 1961 | Third application filed. |
| October 26, 1961 | Denied without written opinion. |
| February 26, 1962 | Certiorari denied by U. S. Supreme Court. White v. Heard, 369 U.S. 808, 82 S.Ct. 652, 7 L.Ed.2d 555 (1962). |

Petitioner having exhausted his state remedies as required by 28 U.S.C. § 2254, by order of this Court dated June 26, 1962, he was allowed to file his Petition for a Writ of Habeas Corpus, in this Court only, and the respondent was required to answer through the Attorney General of the State of Texas to the said petition.

After consideration of the allegations of the petition and the answer submitted by the respondent, a complete review of the transcript, the statement of facts and the file of the Court of Criminal Appeals on petitioner's previous applications for the Writ of Habeas Corpus, this Court finds the petition to be without merit and denies the petition for habeas corpus for the following reasons:

(1) The petitioner was not denied due process of law under the Fourteenth Amendment by being represented at his trial by an attorney who was delinquent in his State Bar dues.

(2) The petitioner was not denied due process of law by the fact that his attorney stipulated without petitioner's consent or agreement that petitioner was guilty of a portion of the indictment under which petitioner was convicted.

(3) The petitioner was not denied due process of law by the action of the Court of Criminal Appeals in denying his writ of habeas corpus on the grounds that he had been denied the right of appeal therein.

As to the contention that the employment of the attorney, who was delinquent in his dues under the State Bar Act, Art. 320a–1, Vernon's Annotated Texas Civil Statutes, would constitute a denial of due process, this Court finds that the case of McKinzie v. Ellis, 287 F.2d 549 (5 Cir., 1961), urged by the petitioner, is not controlling in this situation. That case involved court-appointed counsel and not counsel retained by the defendant or employed by someone for the defendant. This Court adopts the distinction made by the Court of Criminal Appeals in its opinion denying the petitioner's application for habeas corpus of May 8, 1959, in which it stated and interpreted the Texas law as follows:

"Petitioner contends that the sentence by virtue of which he is confined is void because the attorney who represented him was not a lawyer in good standing at the time of his trial because he was delinquent in his dues to the Bar Association. Petitioner's conviction was appealed and was by this Court affirmed. White v. State, 254 S.W.2d 129. Re-

liance is had upon Martinez v. State, 318 S.W.2d 66.

"The distinction in the two cases is readily apparent. In Martinez, the court appointed counsel to represent the accused in a capital case, as required by the statute, but failed to ascertain that such lawyer had not paid his dues to the State Bar of Texas, and was therefore not an attorney as mentioned in the statute. In the case at bar, the petitioner, or someone for him, selected Mr. Ashby to represent him at his trial, and he must be bound by such selection."

See 7 Tex.Jur.2d, Attorney at Law § 18, p. 51, for discussion of this point, particularly the cited case of Stokes v. Sundermeyer, 170 S.W.2d 583 (Tex.Civ.App., 1943), err. ref., which holds that mere delinquency in payment of membership dues in state bar does not, ipso facto, work forfeiture of membership. This Court feels that in McKinzie v. Ellis, supra, the Court of Appeals for the Fifth Circuit established that a violation of due process occurs only where a petitioner has been charged with a capital offense. This case was not such an offense. There, the petitioner was represented by a court-appointed counsel; this petitioner was not. There, the counsel was not shown to be qualified to practice law in the state where the proceeding took place. Only the last element is applicable to this petitioner. Therefore, the Court finds that whereas petitioner was represented by one who was temporarily not a member of the State Bar of Texas because of failure to pay his dues and was subsequently purged of his delinquency (see letter from the Clerk of the Supreme Court of Texas attached to petition) and was never stricken from the roll of attorneys, such representation would not constitute a violation of due process as contended by the petitioner.

■ Secondly, as to the alleged neglect and incompetence of counsel contended by petitioner, this Court finds after complete review of the pleadings and the complete file of the Court of Criminal Appeals of Texas (including the transcript and statement of facts of the original trial) that this case is not one to justify granting a writ of habeas corpus on the criteria of the extreme of incompetency of counsel as required by the cases, Maye v. Pescor, 162 F.2d 641 (8 Cir., 1947) and McKenna v. Ellis, 280 F.2d 592 (5 Cir., 1960).

The affidavit of the Trial Judge attached to the respondent's answer and the statement of facts disposes of the petitioner's contentions that he objected to the stipulations of the prior offenses. It also substantiates the finding that petitioner was adequately represented at trial. The statement of facts at pages 32–1, 32–2, 33, 34 shows that no objections were made to the stipulations entered into by petitioner's counsel by the petitioner and that the stipulations received in evidence contained all the required proof necessary to invoke the enhanced punishment provision under Vernon's Ann.P.C. Art. 63. See 16 Tex.Jur.2d, § 402 et seq. The Court properly appointed another attorney to appear with the petitioner at the time of sentencing.

The Court of Criminal Appeals of Texas in its denial of a previous application, stated in its opinion of January 24, 1961 as to the question of the propriety of counsel's stipulation of the prior offenses, that:

"He further contends 'no testimony was offered by the State to substantiate any proof of prior convictions.' This allegation relates to the sufficiency of the evidence to support the conviction and is a question which should have been raised by appeal and may not be raised by writ of habeas corpus. Ex parte Wingfield, 282 S.W.2d 219. We have, however, examined the statement of facts on appellant's appeal to this Court (White v. State, 254 S. W.2d 129) and find that the prior convictions were stipulated."

This Court finds no incompetency of counsel in the record to support petitioner in these allegations. The issue of

stipulation of prior offenses as a denial of due process would come into play only after a finding that objections were made by the petitioner to an attempt to stipulate and the Court has previously found against the petitioner in this regard. The Texas courts have permitted counsel to stipulate as to prior offenses on many occasions and the Court of Criminal Appeals has recognized such a stipulation as shown by the excerpt. Thompson v. State, 339 S.W.2d 209 (Tex.Cr.App., 1960). 16 Tex.Jur.2d, Criminal Law, § 415.

The third contention, that of denial of right of appeal, is disposed of by the case of Casebeer v. Hudspeth, 114 F.2d 789 (10 Cir., 1940), cited in Levine v. Hudspeth, 127 F.2d 982 (10 Cir., 1942), which held that an appeal, or a defect in perfecting or prosecuting an appeal, is not a necessary element of "due process of law" which lays the basis for discharge on habeas corpus. The Court of Criminal Appeals in its opinion of January 24, 1961, denying the writ of habeas corpus, shows a consideration of the statement of facts, even after it refused to consider the statement of facts upon appeal in the first instance because of the lack of timely filing in White v. State, 254 S.W.2d 129 (Tex.Cr.App., 1953).

This Court has secured and reviewed the complete file of the State of Texas in this matter and has required the Attorney General of Texas to answer the petition. The answer included an affidavit of the State Trial Judge as well as the written opinion of the Court of Criminal Appeals of Texas concerning prior state consideration of the petitioner's allegations. This Court has made an independent evaluation of the historical facts of the case and finds a lack of any fundamental constitutional question which would permit this Court to grant this application. Greer v. Ellis, 306 F. 2d 587 (5 Cir., 1962).

The application for the writ of habeas corpus is denied and this opinion constitutes final judgment in this matter. Clerk will notify petitioner and the respondent, and will hold the files of the Court of Criminal Appeals of Texas for the appropriate period and if no appeal be taken, return same to the Clerk of that Court.