**Ernest Leroy WHITE, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, State of Texas, Appellee.**

**No. 20404.**

United States Court of Appeals
Fifth Circuit.

Aug. 27, 1963.

Rehearing Denied Sept. 23, 1963.

J. G. Davis, Sam R. Wilson, Asst. Attys. Gen., Huntsville, Tex., Waggoner Carr, Atty. Gen. of Texas, Austin, Tex., Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for appellee.

Before JOSEPH C. HUTCHESON, Jr., GEWIN and GRIFFIN B. BELL, Circuit Judges.

GEWIN, Circuit Judge.

The appellant White complains of the ruling of the U. S. District Court denying his petition for writ of habeas corpus. He had been 3 times convicted of non-capital felonies, the last one being the offense of burglary and was sentenced to life imprisonment in accordance with a Texas statute. Vernon's Ann.P.C. Art. 63. In the District Court the petitioner claimed a denial of due process of law under the 14th Amendment for 3 principal reasons: (1) he was represented at his state court trial by an attorney who was delinquent in the payment of his State Bar dues; (2) without petitioner's consent or agreement, his attorney stipulated that he was guilty of a portion of the indictment under which he was convicted; and (3) the Court of Criminal Appeals of Texas denied his petition for writ of habeas corpus which alleged that he had been denied the right of appeal. In a well written opinion, Judge Noel of the U. S. District Court for the Southern District of Texas carefully and patiently considered the contentions men-

tioned, made a full and complete examination of the transcripts, facts, state court files, and previous applications for writs of habeas corpus, and denied the relief sought. We are in agreement with the opinion written by the U. S. District Judge. See White v. Beto, D.C., 213 F.Supp. 592.

■ We deem it appropriate to discuss only that aspect of the appeal in which the appellant insists that the incompetency of his own personally selected and employed trial attorney amounted to a deprivation of due process. As to the alleged incompetency of trial counsel, predicated upon the fact that he was delinquent in the payment of his State Bar dues at the time of trial, the state court trial judge signed an affidavit stating that the attorney "had been a practitioner in the courts of Dallas County [Texas] for several years prior to this trial to my knowledge.", and that he "gave the defendant good representation * * * participated in the selection of the jury in the case, cross-examined the state's witnesses in a splendid manner and called witnesses in behalf of the defendant who gave testimony in open court." Neither success in the trial or on appeal, nor errorless representation is a constitutional guarantee. The Court of Appeals for the District of Columbia in Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787 (1953), cert. den. 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86, states the applicable rule with unusual clarity in cases where a denial of due process is claimed because of the inadequacy of counsel:

"It is clear from these opinions that the term 'effective' has been used by the Supreme Court to describe a procedural requirement, as contrasted with a standard of skill. The Court has never held that an accused is entitled to representation by a lawyer meeting a designated aptitude test. It has never used the term to refer to the quality of the service rendered by a lawyer. The Court has clearly

established that an indigent accused is entitled to counsel, if he wants one, despite his inability to pay for the service; that appointed counsel must have reasonable opportunity to prepare for his task of defense; and that the lawyer so appointed must have no divergent interest. But the Court has not itself undertaken, nor has it imposed upon the inferior federal courts, the duty of appraising the quality of a defense."[1]

This court considered the same question in Andrews v. Robertson et al., 5 Cir. 1944, 145 F.2d 101, and concluded:

"The Federal Court, in habeas corpus proceedings, cannot set itself up as the admeasurer of the legal capacity of counsel of defendant's own selection in the trial of a case in the State Court to the end that the defendant may put his own counsel on trial after the end of his own trial has been reached."

Appellant relies heavily on McKinzie v. Ellis, 5 Cir. 1961, 287 F.2d 549, which followed the Texas case of Martinez v. State, 167 Tex.Cr.R. 97, 318 S.W.2d 66 (1958). Both McKinzie and Martinez related to the duty of the state court of Texas to appoint counsel in good standing to represent an indigent defendant in a capital case pursuant to a statute of the State of Texas. In Martinez it was held that the appointment of counsel who had not paid his dues and was not in good standing, did not constitute a compliance with the state statute. In McKinzie it was held that a failure to comply with the Texas Statute in *appointing qualified counsel* was a denial of due process. Of equal importance and standing with the right to have counsel at the trial, is the right of a defendant to *select, employ and use counsel of his own choice*. This right was exercised by the appellant in this case. If he had been denied the right to use counsel of his choice, he would have a serious complaint; but in this case, the appellant chose his counsel of

[1]. For an excellent collection of citations dealing with the subject under consideration, see the opinion in Mitchell, 259 F. 2d p. 790, particularly Note 10.

**216**

his own free will and accord. Many factors such as personal relationships, confidence, acquaintance, and understanding, enter into the choice of counsel. Like the choice of a spiritual adviser or a physician, considerations of a highly personal nature may be controlling. When the court appoints counsel, personal considerations are not of dominant importance. A failure to pay bar association dues is a matter of importance to the bar association, which we would not undertake to minimize; but a failure to pay such dues does not repeal all knowledge, experience and competency of counsel. For further facts applicable in this case reference is here made to the opinion of the U. S. District Court.

The right to choose counsel has been emphasized by the courts. In Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954), the Supreme Court stated:

" * * * Regardless of whether petitioner would have been entitled to the appointment of counsel, his right to be heard *through his own counsel* was unqualified." (Emphasis added)

Indeed, the denial of a defendant's choice of his own counsel has been held to be a denial of due process. In Wiman v. Argo, 5 Cir. 1962, 308 F.2d 674, this court affirmed the judgment of the District Court, 209 F.Supp. 299 (D.C.M.D.Ala. 1962), wherein the defendant Argo was released in a habeas corpus proceeding and his conviction declared void because the trial court in effect denied the defendant Argo the right to be represented by his chosen and privately employed counsel. This conclusion was reached in spite of the fact that the state trial court had appointed competent counsel to represent the defendant in the absence of his chosen counsel.

■ Upon a full review of the record we conclude that there was not a denial of due process in this case. We are in agreement with the observation made in Mitchell, supra, as to the present trend of post-conviction attack on the attorney who served the defendant:

"It has been repeated so many times as to become axiomatic that convicted felons almost unanimously relish the prospect of putting to public judicial test the competence of their erstwhile defenders; that almost any judge or lawyer can point to potential mistakes in reviewing the record of a lost cause; and that even trial counsel, having lost, can almost invariably enumerate what in the hindsight of disaster appear to have been errors."

The judgment is affirmed.