George Douglas **ROBERTS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 20530.

United States Court of Appeals Fifth Circuit.

Nov. 14, 1963.

Cicero Garner, Jr., Atlanta, Ga., for appellant.

Albert Sidney Johnson, Asst. U. S. Atty., Savannah, Ga., Donald H. Fraser, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and JONES, and BELL, Circuit Judges.

BELL, Circuit Judge.

Roberts was indicted for violation of Title 18 U.S.C.A. § 2312. He allegedly transported a stolen motor vehicle on November 30, 1962 from Houston, Texas to Savannah, Georgia.

The indictment was returned on February 12, 1963. On February 14, 1963, according to appellant, and this is the basis of the point of the appeal, the court appointed a lawyer to represent him. On the same day he waived arraignment and entered a plea of not guilty through his counsel. He was tried on the same day, found guilty by the jury, and sentenced to a term of three years.

On February 20, 1963 he filed on his own behalf, and without assistance of counsel, a motion which he labeled "Petition For A Writ of Habeas Corpus" and the trial court treated it as a motion for new trial. He alleged in the petition that his court-appointed counsel had given him no assistance or advice at the trial but had, in fact, kept him from objecting and protesting on his own behalf. There is no allegation as to when counsel was appointed. The motion for new trial was overruled on March 29, 1963. The transcript of the proceedings on the motion is not before this court, and the record is silent as to whether the proceedings were taken down by a court reporter.[1] The trial court permitted an appeal in forma pauperis and we appointed counsel for the purpose of the appeal.[2]

The sole assignment of error is the contention that appellant was deprived of his right to the assistance of counsel in his defense contrary to the Sixth Amendment to the Constitution. And this gives rise to an ancillary problem which necessitates a remand of the case.

The District Court made no record definitely reflecting when trial counsel was appointed. The sole record is in the form of a notation by the clerk on the cover of the indictment as follows:

"2–14–63. Age 32 Counsel was court appointed 3 yrs custody A/G"

1. The importance of this goes only to the posture of the case in this court, i. e., that we may be considering something not yet considered by the trial court.

2. The court is indebted to appointed counsel for the services rendered on this appeal.

Appellant took the position in his original brief that counsel was appointed on February 14, 1963. Counsel for the government responded with a motion to supplement the record in the form of an affidavit from trial counsel to the effect that he was appointed to represent appellant in the early part of January 1963 and that he undertook the defense, and visited appellant in the Chatham County jail on two or three occasions between the time of his appointment and the trial to confer with him relative to his defense. An affidavit of the clerk is also attached to the motion to supplement the record in which he states the notation was made by him purely for statistical purposes, and not for the purpose of showing the date on which counsel was appointed, and that information in that regard was in fact unknown to him.

As would seem likely, appellant countered with an affidavit that after being arrested in December 1962 and during the same month, he requested that an attorney be appointed to represent him, and that he heard nothing as the result of the request until the day he was indicted. On that day, he states, the United States marshal who took him from the jail for his grand jury appearance stated that the lawyer who actually represented him on the trial had been appointed to do so. His affidavit further sets out, in effect, that he first met the lawyer on the day of the trial, and only a few minutes before the trial commenced.

■ The case, on the merits, turned on a swearing contest between the owner of the automobile and appellant. The testimony was that it was an old car, a 1950 model Chevrolet, which the owner had purchased only a few weeks before it was allegedly stolen. Appellant claimed that he purchased it from the owner and that the title was to be forwarded to him from Texas. He claimed that he wrote the owner from North Carolina requesting the title after it had not been received by him. He claimed that he had made two payments to the owner. The inference could have been drawn that the payments, if made, represented a substantial portion of the value of the automobile. Appellant and the owner were residing in the same house in Texas, and had known each other for a week. The owner was a heavy drinker. No effort was made to substantiate, or exploit any of those facts as a part of the defense. A man arrested with appellant when the car was involved in an accident in Savannah, and before the police discovered that it was stolen, under appellant's testimony, may have been a material witness and no effort was made to obtain his testimony. This is the background for the claim of denial of the effective assistance of counsel due to lack of preparation time.[3] And it is settled that appellant was entitled to the assistance of counsel, Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, and mere formal appointment is not enough. Avery v. Alabama, 1940, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377.

As the case stands before us, the clerk does not know when counsel was appointed and nothing in the record, including the notation above referred to, definitely reflects this fact. The affidavit of appellant and of his trial counsel are in direct conflict. The United States marshal referred to in the affidavit of appellant may or may not substantiate the position of appellant, but his testimony will at least tend to settle the question, and he should be interrogated in this regard. Further, the jail records may show what visitors appellant had. Lastly, none of this information has been presented to the trial court whose duty it is under Rule 75(h), F.R.Civ.P. to resolve such questions.[4]

3. This claim is to be distinguished from a contention based on the quality of the defense. See White v. Beto, 5 Cir., 1963, 322 F.2d 214, and cases therein cited.

4. Rule 75(h) F.R.Civ.P., in pertinent part:

"* * * if any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is

The affidavits, even if they resolved the matter, may not be considered by our court. See United States v. Chesapeake & Ohio R. Co., 4 Cir., 1960, 281 F.2d 698; and Century Indemnity Co. v. Arnold, 2 Cir., 1946, 153 F.2d 531. The notation by the clerk, absent the affidavits, can be construed as indicating that trial counsel was appointed on February 14, 1963, but whether the contention made here that counsel did not have an opportunity to prepare the defense was made in the District Court on the motion for new trial does not appear from the record.

[3, 4] We are authorized to remit the case to the trial court to perfect the record. Beck v. Federal Land Bank of Houston, 8 Cir., 1945, 146 F.2d 623; United States v. Chesapeake & Ohio R. Co., supra; and Bailey v. United States, 9 Cir., 1959, 270 F.2d 86. But, we think that good judicial administration requires something more. The trial court should first exercise its discretion in determining whether or not appellant had the effective assistance of counsel on the trial. It will be necessary that a hearing be had on the question so that the facts may be developed on which that court is to exercise its discretion. No doubt appellant should be present and should be represented by counsel but these are matters for the trial court. We think it sufficient to say that the judgment of the trial court overruling the motion for new trial is vacated and the case is remanded to the trial court so that it may be determined on a new hearing on the motion for new trial whether appellant was deprived of his rights to effective counsel contrary to the Sixth Amendment. Cf. Porter v. United States, 5 Cir., 1962, 298 F.2d 461, a Title 28, U.S.C.A., § 2255 proceeding on the question of a further hearing.

This accords with Felton v. Spiro, 6 Cir., 1897, 78 F. 576. There, Judge Taft speaking for the court, where the error was in the failure of the trial court to exercise its discretion in passing on a motion for new trial, pointed out the procedure of remanding the case for further proceedings only from the point where the error was committed. Here, the record is insufficient for us to make a determination as to the error asserted, and a remand to the extent and to the point necessary for such determination is in order. 6 Moore's Federal Practice, 2d Ed., pp. 3903–3906.

The motion to supplement the record in this court is denied. The judgment appealed from is vacated, and the case is remanded for further proceedings not inconsistent herewith.

omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the appellate court, or the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the district court. * * * "