**J. H. HOLLIS, Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 22061.**

United States Court of Appeals
Fifth Circuit.

Nov. 16, 1965.

Certiorari Denied Jan. 24, 1966.
See 86 S.Ct. 639.

No appearance for appellant.

Sam R. Wilson, Asst. Atty. Gen., Houston, Tex., Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., Stanton Stone, Executive Asst. Atty. Gen., Howard M. Fender, Allo B. Crow, Jr., Asst. Attys. Gen., Austin, Tex., for appellee.

Before RIVES, WISDOM and GEWIN, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a writ of habeas corpus by the United States District Court for the Southern District of Texas. Appellant, J. H. Hollis, was convicted of murder in 1956 in the State District Court of Van Zandt County, Texas, and was sentenced to life imprisonment. During his trial Hollis was represented by counsel. In 1961 he petitioned the United States District Court for a writ of habeas corpus on the ground that he was without counsel during sentencing. The writ was granted, and he was returned to Van Zandt County, where counsel was appointed and he was resentenced. He later filed two more petitions for writs of habeas corpus, both of which were unsuccessful.

In this, his *fourth* petition, Hollis contends: (1) he was not taken forthwith before a magistrate following his arrest for murder; (2) his confession used in the murder trial was coerced; (3) the state prosecutor tampered with the jury during its deliberations; (4) he was not represented by counsel during the re-sentencing and subsequent motion for new trial; and (5) the state trial court had no jurisdiction to sentence him *nunc pro tunc.*

The United States District Court heard extensive evidence on each of the factual allegations of the petition. The evidence is overwhelmingly contrary to the allegations and contentions of Hollis. At the plenary hearing, after the petitioner and the state had rested, the court expressed dissatisfaction with the proof presented and requested additional evidence. Thereafter, one of the prosecu-

tors who handled the case against petitioner, the Sheriff of Van Zandt County where the trial was conducted, and the two attorneys who represented Hollis during his murder trial, were called to the stand. The facts were fully, completely and thoroughly explored. The petitioner then took the stand and testified further. In commendable fashion the distinguished trial judge required a full and searching exploration of all the facts. The facts found are supported by the evidence.

 Although not asserted in his petition, Hollis also now contends that he was inadequately represented by counsel during his habeas corpus hearing. The record discloses that there was a recess during the habeas corpus hearing. During the recess, the attorney appointed by the court to represent Hollis received a letter from Hollis expressing some dissatisfaction with the services being rendered. The attorney promptly disclosed the letter to the court and stated he was willing to continue his representation or to withdraw depending upon the wishes of the petitioner Hollis. The petitioner thereupon voluntarily asserted that he wished to have his attorney, Mr. Scruggs, continue in the case.[1] We conclude that counsel for the petitioner on habeas corpus hearing was able, experienced, aggressive, and thoroughly competent. See White v. Beto (5 Cir. 1963) 322 F.2d 214.

The contention that the trial court in Van Zandt County no longer had jurisdiction to sentence him *nunc pro tunc*, is without merit. If Hollis had been denied constitutional rights during his trial, any sentence would be improper. The record fails to disclose any such deprivation. The state court had jurisdiction to re-sentence Hollis as directed by the order of the United States District Court following a hearing on a former petition. Counsel was present during the re-sentencing procedure.

A careful review of the entire record convinces us that all of appellant's contentions are without merit. The judgment is affirmed.

---

1. With reference to his attorney, the petitioner made the following statement in open court:
"May the petitioner speak? The petitioner withdrew, he had a discussion with his attorney this morning and withdrew all of his letters, placed the case completely in the hands of counsel."