**Melvin W. GREER, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 65-H-127.**

United States District Court
S. D. Texas,
Houston Division.

Oct. 14, 1966.

---

Arthur L. Forbes, Houston, Tex., for petitioner.

Waggoner Carr, Atty. Gen. of Texas (Charles B. Swanner, Austin, Tex.), for respondent.

NOEL, District Judge.

### Memorandum and Order

This case is before the Court upon the application of Melvin W. Greer, hereinafter sometimes called petitioner, for writ of habeas corpus as provided in 28 U.S.C.A. Section 2241. By Memorandum and Order of July 9, 1965 the issues raised in Greer's petition were narrowed, counsel appointed to represent Greer in this Court, and an evidentiary hearing set. After two continuances, each granted at petitioner's instance to allow additional time in which to complete discovery, this hearing was held on August 23, 1966.

Counsel for petitioner, at the outset of the hearing on August 23, moved the Court that petitioner's allegation of systematic exclusion of negroes from his grand and petit juries in Cause No. 15137, Fannin County, Texas, be dismissed, which motion was granted by the Court, thus leaving for determination the two interrelated issues delineated in the Court's Memorandum and Order of July 9, 1966, of whether:

(a) Petitioner was given an adequate sanity hearing in Cause No. 15137; and

(b) Petitioner was afforded effective assistance of counsel both at the sanity hearing and trial on the merits in Cause No. 15137.

I find the pertinent facts to be as follows. Petitioner, on February 8, 1960, in Cause No. 15137 was indicted for the felony offense of burglary. On February 15, 1960, it having been established that Greer was financially unable to retain his own counsel, Buster Cole, an attorney known throughout the State of Texas for his competence and a past President of the Texas Bar Association, was appointed by the Fannin County District Court to defend the petitioner. Based upon

conversation with petitioner, Cole decided that a question existed as to Greer's sanity which should be determined prior to any trial on the merits as provided by art. 932b Vernon's Ann. C.C.P., the applicable Texas statute then in effect. In 1960 there were "five or six"[1] practicing doctors in Fannin County, but none specializing in the field of psychiatry. Greer was examined by one of these local doctors, but Cole was not satisfied with the result. What followed is best stated in the affidavit of Buster Cole,[2] which I adopt, in its entirety, as a finding of fact of this Court:

"There were no funds with which to hire outside doctors or psychiatrists and such medical examinations as he had here and were available were not too satisfactory from my position, and I thought that if I could get all of his Army and Veterans Administration records introduced in evidence there might be some benefit from them. All of his medical records available were accumulated at the Veterans Center in Bonham, Texas [the county seat of Fannin County], which concerned, as I recall, all of his hospitalizations and treatments from the time he entered the United States Army and which covered quite a period of time, and his Veterans Administration treatments after the war were available. Dr. O. H. Box, who is the Assistant Manager of the V.A. Hospital in Bonham, was called into court as a witness and he was given all the medical records for examination. All of the medical records were introduced in evidence as I recall, and Dr. Box was permitted to testify as to the effect of the medical records. My recollection is that his interpretation of the situation was that the defendant had no mental disease but suffered from a psychopathic personality.

"My recollection is that Dr. Box qualified as an expert on the question before the court and gave his own opinion consistent with the above statement; that is, that there was no mental disease evidenced in the defendant but a psychopathic personality. My recollection is that Dr. Box testified to having examined the defendant Greer and his conclusion was based upon his personal observation of the defendant and examinations of the defendant coupled with the whole medical history as he had it available.

"A jury was impanelled and the issue of insanity was tried out in Case No. 15136 [should read 15137] and the jury returned a verdict finding the defendant sane and subject to trial on the merits.

"At this point the defendant evidenced some dissatisfaction with the way the matter came out and I do not recall whether or not I asked to be relieved of his defense further or whether he asked the court to relieve me of the appointment,[3] but I was relieved by the court and another attorney at this Bar conducted the defense of the cases on the merits."

On May 4, 1960, the Court appointed Ray Peeler, an attorney experienced in the trial of criminal cases, to represent Greer. The sole complaint herein directed against this representation is the absence of medical testimony at the trial on the merits in Cause No. 15137, a one-day trial held on May 23, 1960, at which petitioner was found guilty as charged and his punishment assessed at twelve years in the penitentiary.

It is undisputed that petitioner was not examined by a psychiatrist in connection with either the sanity hearing or the trial on the merits had in Cause No. 15137, and that neither of Greer's two appointed attorneys moved the trial court at any time for such examination or for appointment of a psychiatrist to assist the defense in any way.

Thus, as indicated in petitioner's trial brief and as will be more fully developed

---

1. Testimony of T. D. Wright.

2. Petitioner's Exhibit No. 1.

3. It is noted on the Court's docket that Buster Cole was relieved at his own request on 3-25-60.

herein, the focus of petitioner's allegations directed against Cause No. 15137 ultimately center upon a single issue— whether under these facts and circumstances, petitioner's right, as an indigent defendant, to be furnished effective assistance of counsel must include the proffer of the services of a psychiatrist. In support of his proposition that it must, petitioner relies upon a single authority, Bush v. McCollum, 231 F.Supp. 560 (N.D.Tex.1964), affirmed 344 F.2d 672.

■ Bush involved an indigent defendant *previously adjudicated insane* by a judgment still fully effective at the time of his state trial. On habeas application, the federal district court found his conviction violative of due process due to the absence of specialized testimony at his trial which could only have been provided by a psychiatrist. I am of the opinion that the applicable state law is here of vital importance. In a case such as Bush, where a defendant has been found by a court of competent jurisdiction to be of unsound mind, a presumption arises under Texas law that such defendant remains in this state until the judgment is set aside. Because of such presumption, the burden is placed upon the state in a criminal prosecution to prove *beyond a reasonable doubt* that the defendant was in fact legally competent at times critical to the state prosecution. Herring v. State, 141 Tex.Cr.R. 281, 148 S.W.2d 416 (1941). On the other hand, where no such adjudication exists and the issue of insanity has been raised defensively, such as here, the defendant must only convince the jury *by a preponderance of the evidence*, to sustain his plea of legal incompetence. Roberts v. State, 67 Tex.Cr.R. 580, 150 S.W. 627 (1912).

■ I am of the opinion that the decision rendered in Bush resulted from this seeming anomaly in Texas law— from the trial court's conscientious search to determine some realistic method by which the state could carry its burden of proof, albeit virtually an impossible one. If my analysis of the rationale of Bush be correct, then a cardinal distinction between Bush and the instant case manifests itself. The distinction being the by-far-more-relaxed burden which must be sustained by the defendant when insanity is pleaded defensively. I find the expert services of a psychiatrist not to be a requirement of due process of law as provided by the Fourteenth Amendment when insanity need only be established by a preponderance of the evidence. When presented with this question in about the same 'factual setting, United States ex rel. Smith v. Baldi, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549 (1953), the majority opinion of the Court stated, "We cannot say that the State has that duty by constitutional mandate." I am therefore of the opinion that Bush is inapposite to the facts of this case.

■ Whether the services of a psychiatrist are essential whenever the issue of insanity has been raised, is ultimately a facet of the right to effective assistance of counsel. United States ex rel. Smith v. Baldi, supra. Having determined that these services are not required by due process in circumstances such as here, it follows that petitioner's allegation of ineffective assistance of counsel based solely upon the absence of such expert testimony must also be denied. Worthy of mention is the fact that no fault can be attributed to counsel for failure to move for the appointment of a psychiatrist, as such motion, under Texas law, could only have been a futile gesture. See: Crain v. State, 394 S.W.2d 165 (Tex.Crim.App.1964); Ellzey v. State, 158 Tex.Cr.R. 604, 259 S.W.2d 211 (1953).

I also find from the entire record now before this Court that petitioner was, in every respect, afforded effective assistance of counsel within the meaning of Williams v. Beto, 354 F.2d 698 (5th Cir. 1965).

For the reasons expressed herein, taken in conjunction with this Court's Memorandum and Order of July 9, 1965 to which reference is here made for all purposes, the petition is dismissed.

This action constitutes a final judgment in this case.

The Clerk shall record this Memorandum and Order, and shall furnish a copy to petitioner and to each counsel.