Melvin W. **GREER**, Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Appellee.

No. 24409.

United States Court of Appeals
Fifth Circuit.

July 3, 1967.

Arthur L. Forbes, Houston, Tex., for appellant.

Lonny F. Zwiener, Asst. Atty. Gen. of Texas, Crawford C. Martin, Atty. Gen., George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. (Bob) Lattimore, Howard M. Fender, Robert E. Owen, Asst. Attys. Gen., Austin, Tex., for appellee.

Before BELL, GODBOLD, and DYER, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

Appellant, a recidivist with a long record of mental illness, sought a writ of habeas corpus in the District Court after having exhausted his state remedies. His contention in the District Court and here is that he was given an inadequate pretrial sanity hearing by the Fannin County, Texas court wherein he was charged with burglary and with theft,[1] and that he was denied the effective assistance of counsel in his sanity trial and in the trial of the burglary charge on the merits.

1. Having previously served his sentnece on the theft charge, no issue is presented as to it.

The District Court denied relief. We reverse for further proceedings on the issue of whether appellant had the effective assistance of counsel at his trial on the merits in Cause No. 15,137, the burglary charge.

Appellant is presently serving a twelve year sentence which was imposed after a jury verdict of guilty rendered on a plea of not guilty in that case. He is serving concurrent sentences imposed on pleas of guilty to burglary which pleas were entered in Kaufman County, Texas and Grayson County, Texas. The petition for the writ is also directed to these latter sentences. The District Court, however, pretermitted consideration and determination of the allegations as they related to these guilty pleas and the sentences pursuant thereto on the ground that appellant was lawfully incarcerated in Cause No. 15,137 and thus was not presently entitled to a writ of habeas corpus. Brown v. Beto, 5 Cir., 1967, 377 F.2d 950.

■ The District Court appointed counsel to represent appellant and thereafter conducted an evidentiary hearing. That hearing centered on the state court sanity trial in Cause No. 15,137 which trial preceded the trial on the merits by some two months. That trial involved a determination of sanity at the time of the offense and at the time of the trial. Appellant was found sane at both times. His contention is that the sanity trial was constitutionally infirm by reason of the fact that his court appointed counsel was deprived of the assistance of a psychiatrist and because there was no testimony on his behalf by a psychiatrist. He relies on Bush v. McCollum, N.D.Tex.1964, 231 F.Supp. 560, affirmed sub nom. McCollum v. Bush, 1965, 344 F.2d 672. Cf. United States ex rel Smith v. Baldi, 1958, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed.2d 549. The facts are to the contrary. Whether the test be made in terms of due process, or as a part of or an adjunct to the Sixth Amendment right to counsel, it is our conclusion that appellant was not deprived of any federal constitutional right in the state court sanity trial.

An experienced criminal lawyer who is a past president of the Texas State Bar was appointed to represent him. This lawyer obtained the separate trial on the question of appellant's sanity under the provisions of Art. 932b, Vernon's Ann. Texas Code of Crim.Proc., the applicable Texas statute then in effect.

There were several medical doctors practicing in Fannin County but none specialized in the field of psychiatry. There is an adequate factual basis for the finding by the District Court that one of these doctors examined appellant but his lawyer was not satisfied with the result and did not use the doctor as a witness. There was testimony in the District Court that this doctor had offered opinions in court in other cases as to mental illnesses after qualifying himself as an expert to testify in such matters.

The District Court found that appellant's lawyer then arranged for all of appellant's medical records to be sent by the Veterans Administration to the Veterans Administration hospital in Bonham, Texas, which is in Fannin County. Most of appellant's mental illness diagnosis and treatment had been by and under the army and the Veterans Administration. The records were turned over to a doctor who testified as to his conclusions based on these records and based on his examination of appellant. This doctor, although not a psychiatrist, had been practicing medicine for thirty years and had been employed by the Veterans Administration hospital in Bonham since 1946 as a physician. He had made numerous psychiatric examinations and evaluations on many patients and had treated many patients suffering from mental diseases.

In Bush v. McCollum, supra, appellant's counsel requested that the defendant be committed to a hospital for examination and diagnosis by psychiatrists, and also requested the assistance of and testimony by psychiatrists. Each request was refused. No such requests were made here; counsel made his own

arrangements. Moreover, as distinguished from *Bush* where there was virtually no psychiatric testimony, here there was testimony by the Veterans Administration doctor who was experienced in psychiatric matters. We affirm the judgment of the District Court as it pertains to the sanity trial.

The trial on the merits is quite another matter. Counsel who represented appellant at the sanity trial was relieved and another lawyer was appointed for the trial on the merits which, as stated, took place slightly more than two months later. The findings, conclusions, and opinion of the District Court deal only in the briefest way with the contention that appellant did not then have the effective assistance of counsel.

It is undisputed that there was a complete absence of medical testimony at the trial on the merits. This fact must be considered in the light of the additional fact that the issue of appellant's sanity was then and there again submitted to the jury. The jury made separate findings that appellant was sane and guilty. We can surmise that such an issue was presented since the state trial court gave an instruction to the jury on the issue and defense of insanity and required the separate finding. The transcript of the evidence at the trial was not before the District Court, if indeed such was available, and thus we do not have the benefit of it.

■ Under the facts before us, it is apparent that a sharp issue is presented as to whether appellant had the effective assistance of counsel, as was his due, at the trial in light of the undisputed fact that no medical evidence whatever, psychiatric or otherwise, was offered on the question of his sanity. His trial counsel testified by interrogatory that he did not know of any doctor who had examined appellant. His explanation, by a fair inference, was that appellant had only recently been found sane. This failure to offer testimony was compounded by the introduction into evidence of the jury verdict rendered in the sanity trial finding appellant sane. In addition the trial was before a different jury and the issue of insanity was being tried anew. We think that this, without more, makes out a prima facie case of ineffective or inadequate assistance of counsel.

■ We hasten to add that counsel may have been handicapped in offering medical testimony since the Texas authorities seem to hold that an indigent is not entitled to a psychiatric examination at the expense of the state. See Crain v. State of Texas, Tex.Crim.App.1964, 394 S.W.2d 165. Such Texas policy may not, however, avoid the federal constitutional right to the effective assistance of counsel. See McCollum v. Bush, supra; Bush v. McCollum, supra. See also Avery v. State of Alabama, 1940, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377; Powell v. State of Alabama, 1932, 287 U.S. 45, 71, 53 S.Ct. 55, 77 L.Ed. 158; Roberts v. United States, 5 Cir., 1963, 325 F.2d 290. The case of Williams v. Beto, 5 Cir., 1965, 354 F.2d 698, contains a full discussion of the standards to be used in determining questions involving whether effective counsel was afforded in criminal cases.

This matter must be reversed for an additional hearing on the question whether appellant was deprived of the effective assistance of counsel at his trial on the merits. Without in anywise restricting the District Court as to what should be considered at the hearing, it would appear that the testimony of counsel who represented appellant at the trial on the merits, and a transcript of the evidence adduced on that trial, if not also the transcript of the sanity trial will be needed. Good judicial administration requires that we mention these matters although we recognize that they are to be left to the discretion of the District Court along with other procedural questions.

Reversed and remanded for further proceedings not inconsistent herewith.

GODBOLD, Circuit Judge (concurring in part and dissenting in part).

There are three overlapping issues in this case—the adequacy of a pre-trial determination of competence to stand trial, the right to effective representation by counsel at the pre-trial sanity hearing, and the right to such counsel at the trial itself. The majority have dealt effectively with the third issue only.

In view of appellant's long history of mental and nervous disorders while in the armed services, in Veterans' Administration hospitals, and in correctional institutions, he was entitled under Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) to an adequate pre-trial inquiry into his competence to stand trial. It is my opinion he was not accorded an adequate hearing.

The majority stand on two findings of the district court: (a) that Greer was examined by at least one local physician and the result was not satisfactory to his counsel for the sanity hearing, and (b) that the trial court at the sanity hearing had the benefit of the testimony of another physician, Dr. O. H. Box, who concluded on the basis of examination of Greer himself and of his hospital records, that he was competent to stand trial. The first of these is irrelevant to the adequacy of the hearing. Under Pate v. Robinson the hearing was required because of appellant's past history. When required, and held, it was not made into an adequate inquiry by matters which may (and may not) have been known to Greer's counsel but were not made known to the court at the sanity hearing. This finding was relevant only to whether a judicial inquiry into sanity was constitutionally required, which is not even in dispute, not at all to the issue of whether the inquiry was constitutionally defective.

What was presented at the sanity hearing was testimony of Dr. Box, a doctor from a Veterans' Administration hospital, who examined Greer's records. In my view the record does not adequately support the conclusion that Dr. Box ever examined Greer. Greer's counsel for the sanity hearing did not testify in district court but submitted an affidavit stating, as to this issue, only that "My recollection is that Dr. Box testified to having examined the defendant Greer and his conclusion was based upon his personal observations of the defendant and examinations of the defendant." In this case where the facts are of utmost importance in the vindication of a constitutional right I would require more evidence than an affidavit, presumably made some years after the event, as to what counsel recalls as the substance of the testimony of a witness. Moreover, even if such an examination took place we have no information on how thorough or reliable it was.[1] Greer denies he was examined at all by Dr. Box.

In addition to being irrelevant, the determination of the district court, reiterated by the majority, that Greer was examined by a local physician and that "his lawyer was not satisfied with the result" does not have adequate support in the record. What Greer's counsel said in his affidavit was "There were no funds with which to hire outside doctors or psychiatrists and such medical exam-

1. See the suggestion in McCollum v. Bush, 344 F.2d 672 (5th Cir. 1965), that an examination by a clinical psychologist during a 40 minute lunch recess during trial was not adequate. 344 F.2d at 672, n. 1. For federal prisoners 18 U.S.C.A. 4244 requires examination "by at least one qualified psychiatrist". An inquiry by a probation officer will not meet this requirement, United States v. Day, 333 F.2d 565, 567 (6th Cir., 1964). A two-hour examination by a qualified psychiatrist may be of doubtful reliability. Birdsell v. United States, 346 F.2d 775 (5th Cir.), cert. denied, 382 U.S. 963, 86 S.Ct. 449, 15 L.Ed.2d 366 (1965). It is worthy of note that recent studies have cast significant doubt on the reliability of single-interview psychiatric evaluations. Stoller & Geetsma, The Consistance of Psychiatrists' Clinical Judgment, 137 J. Nervous and Mental Diseases 58 (1963); Rosenweig, et al., A Study of the Mental Status Examination, 177 Am.J. Psychiatry 1102 (1960).

inations as [Greer] had here and were available were not too satisfactory from my position". 259 F.Supp. at 893. Counsel's statement very well could mean he did not deem the local doctors capable of making a reliable psychiatric examination and evaluation. The local physician (or physicians) who allegedly examined Greer did not testify at the sanity hearing and was not produced before the district court and, in fact, has never been reliably identified. The state prosecutor testified in district court that he understood Greer's counsel had a local physician (who may have had competence in the psychiatric field) examine Greer. This is totally insufficient to establish the extent or reliability of a psychiatric examination and evaluation, or in fact even to establish that it was made at all. Again, adjudication of questions of constitutional entitlements must be made on better evidence than this. And, I reiterate, the judicial inquiry into sanity cannot be shown adequate by evidence of an extra-judicial examination by a physician, if made, and by what evaluation the accused's attorney put on that examination. Adequacy rests on evidence presented at, and the conduct of, the judicially-convened inquiry.

The scope and depth of medical testimony at such hearings, by psychiatrists and by doctors who are not psychiatrists, and the extent of examination of the accused on which their opinions fairly may be based, are part of a developing field of the law. See the discussion in Greer v. Beto, 259 F.Supp. 891 (S.D.Texas 1966); Bush v. McCollum, 231 F.Supp. 560 (N.D.Texas), aff'd, 344 F.2d 672 (5th Cir. 1965); United States ex rel Smith v. Baldi, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed.2d 549 (1953); Krupnick v. United States, 264 F.2d 213 (8th Cir., 1959); Williams v. United States, 102 U.S.App.D.C. 51, 250 F.2d 19 (1957).

Turning to the issues of effective assistance of counsel at the sanity hearing and the trial (and the accompanying right to medical testimony), it is my opinion that counsel is not shown to have had effective medical assistance for the sanity hearing. This is based on matters recited above, plus the fact that if any kind of psychiatric service was available in Fannin County an attempt by appointed counsel to obtain it at public expense would have been futile. Crain v. State, 394 S.W.2d 165 (Tex. Crim.App.1964). Nor do I fault appellant's counsel for the sanity hearing in any manner. There is nothing to show that he did not avail himself of the maximum in medical talent and facilities available.

On remand I would require the district court to follow the course directed by Pate v. Robinson, supra. An initial inquiry should be made into whether at this time an effective hearing can be held on the issue of Greer's competence at the time of trial. If such a hearing is feasible, it must be held; if it is not, Pate v. Robinson requires retrial.

I agree with the majority on the issue of lack of effective counsel at trial and concur in their substantive disposition of that issue.

I add that I am not in favor of a blanket rule that in all cases an indigent defendant is constitutionally entitled to the services of a psychiatrist at state expense. But on the facts presented here, Greer's counsel needed the assistance of psychiatric examination of his client, and expert testimony of one qualified to testify on psychiatric matters, for the sanity hearing and for trial on the merits. Greer needed this assistance fully as much or more than did the defendant in Bush v. McCollum, supra. The record shows he did not receive them.