James **TURNER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39502.

Court of Criminal Appeals of Texas.

June 29, 1971.

Rehearing Denied Oct. 20, 1971.

---

1.  Compare Spurlock v. Noe, 467 S.W.2d 320 (Ky.Ct.App., May 21, 1971).

———◆———

Dennis L. Fullingim, Lubbock, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an out-of-time appeal from a conviction for the offense of burglary, tried in 1965, with two prior convictions alleged for the purpose of enhancement, the punishment under Article 63, Vernon's Ann.P.C.

The jury found the defendant guilty of the primary offense and prior to the voir dire examination of the jury, there was a stipulation by and between the parties hereto in regard to the prior convictions and the court assessed the punishment at the mandatory life sentence.

■■■ Appellant's first ground of error is that "the trial court erred in not barring from use for enhancement purposes the two prior convictions because this constituted double jeopardy in violation of the Fifth Amendment to the United States Constitution."

Appellant's position is that in a prior prosecution for attempting to pass a forged instrument, the same two prior convictions were alleged and the jury failed to find that he was the same person so convicted. The only proof offered as to this matter is by exhibit attached to appellant's brief herein. Therefore, the matter is not properly before the Court. Further, the transcript clearly reflects that the prior convictions were stipulated prior to the trial of this cause and no question was raised on the original hearing of this cause about the use of such convictions or the fact that they had been used before. Therefore, the failure to plead former jeopardy in the trial court constituted waiver. Ex parte Sawyer, Tex.Cr.App., 386 S.W.2d 275; Ward v. State, 148 Tex.Cr.R. 186, 185 S.W.2d 577; Article 27.05, Vernon's Annotated Code of Criminal Procedure.

However, assuming that the matter is properly before the Court, the question has been answered contrary to appellant's position. Judge Graves in Sigler v. State, 143 Tex.Cr.R. 220, 157 S.W.2d 903, stated:

"* * * We do think that such enhancement allegations are no part of the substantive offense, but are merely a guide for the court or the jury in affixing the final punishment in the event of a present conviction. It is no part of the charged theft, and no proof of another and different offense is needed nor permitted; it is but an historical fact to show the persistence of the accused, and the futility of ordinary measures of punishment as related to him. The accused is not again placed in jeopardy nor punished for the prior offenses, nor is there created new offenses, but such are merely offered for the purpose of arriving at the punishment to be assessed in the present case."

This Court specifically held in that case that wherein the enhancement allegations were ignored by a jury in a prior case, it did not prevent their re-use at a subsequent trial. This Court also held in Mooring v. State, 158 Tex.Cr.R. 434, 256 S.W.2d 97, that an acquittal upon the primary offense does not preclude the later use of prior convictions for the purpose of enhancement.

Appellant's first ground of error is overruled.

■■■ The second ground of error, "stipulation as to the prior felony convictions on the part of the defense counsel constituted fundamental error and appellant was denied effective assistance of counsel at trial

in violation of the Sixth and Fourteenth Amendment rights as guaranteed by the United States Constitution." Such stipulation did not constitute fundamental error. Stipulation of prior convictions can be a tactical matter to prevent the State from reading enhancement allegations in the indictment and this has been recognized by this Court since the case of Wright v. State, Tex.Cr.App., 364 S.W.2d 384. Appellant contends however, that there was no tactical reasons shown because the appellant took the stand and was asked on cross-examination about the prior convictions and that since this was the only reason to so stipulate that it constituted a denial of effective assistance of counsel.

This contention has been answered to the contrary in White v. Beto, D.C., 213 F.Supp. 592, affirmed, 5 Cir., 322 F.2d 214.

Appearing to be no reversible error herein, the judgment of the trial court is in all things affirmed.

DOUGLAS, J., not participating.